Filed: 3/29/2023 2:29 PM
Michael Gould
District Clerk
Collin County, Texas
By Sarah Isom Deputy
Envelope ID: 74133381

CAUSE NO. 296-01578-2023

| | | |
|---|---|---|
| JOEL KVANLI AND JANEEN BEHNKEN, | § | IN THE DISTRICT COURT |
| PLAINTIFFS, | § § § | |
| V. | § § | ____ JUDICIAL DISTRICT |
| ALLSTATE INDEMNITY COMPANY, AND JESSICA KROMM, | § § § § | |
| DEFENDANT. | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiffs Joel Kvanli and Janeen Behnken ("Plaintiffs") and file this, their Original Petition against Allstate Indemnity Company ("Allstate") and Jessica Kromm ("Kromm") and for same, would show unto the Court as follows:

### I.  DISCOVERY

Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.  PARTIES

Plaintiff Joel Kvanli is an individual co-owning the property located at 5829 FM 547, Farmersville, Texas 75442, also referred to as 902 Kvanli Lane, Farmersville, Texas 75442. Plaintiff Kvanli's driver's license number is *****___ and social security ***-**-*___.

Plaintiff Janeen Behnken is an individual co-owning the property located at 5829 FM 547, Farmersville, Texas 75442, also referred to as 902 Kvanli Lane, Farmersville, Texas 75442. Plaintiff Behnken's driver's license number is *****___ and social security ***-**-*___.

Defendant Allstate Indemnity Corporation is an insurance company domiciled in Illinois. Allstate's principle place of business is 2275 Sanders Road, Northbrook, Illinois 60062. Allstate

can be served with process by service upon its Attorney for Service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

Defendant Jessica Kromm is an individual and an insurance adjuster licensed through the Texas Department of Insurance. Defendant Kromm's state of residence is Texas. Defendant Kromm may be served with process by service at her business address of 1055 Hillcrest Road, Suite A1, Mobile, via the Texas Long-Arm Statute (Texas Civil Practices and Remedies Code Sec. Sec. 17.044) by serving the Texas Secretary of State, P.O. Box 12887, Austin, Texas 78711-2887.

### III.   JURISDICTION AND VENUE

Venue is proper in Collin County, Texas, pursuant to Section 15.032 of the Texas Civil Practice and Remedies Code, because all or a substantial part of the events or omissions giving rise to the claim occurred in Collin County, Texas. The damages sought are within the jurisdictional limits of this Court.

The Court has jurisdiction over defendants because defendant is an insurance company that engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

### IV.   FACTS

Plaintiffs are, and at all times mentioned and material to this action were, the owners in fee of certain real property commonly known as 582 FM 547, Farmersville, Collin County, Texas ("Plaintiffs' Property").

Plaintiffs would respectfully show they obtained a policy of insurance with Allstate. The insurance policy is Policy No. 836399001 (the "Policy"). The Policy between Plaintiffs and Allstate provided coverage for water damage.

A severe winter storm hit the North Texas area in February 2021 (the "2021 Winter

Storm"). The 2021 Winter Storm included snow and temperatures well below freezing for a week's time. This was an unprecedented storm for the North Texas area and was publicized nationwide.

On or about February 11, 2021, Plaintiffs' property lost power. Due to the lack of heat, the water pipes in the home froze and burst, causing significant water damage to the interior and exterior of the property.

Plaintiffs contacted Allstate and made a claim on March 12, 2021, for repairs under the Policy. Allstate initially assigned Marlin Felts to inspect the property and adjust the claim. Then the claim was reassigned to Tamika Evans for further handling. Then shortly thereafter the claim was reassigned to Jennifer Gutierrez. Later Hakeem Anafi was assigned the handling of the claim. The claim continued to be re-assigned to a stream of adjusters, all with the same response… "send more documentation and photographs". Plaintiffs complied with each request with the response being the claim was re-assigned and the new adjuster asked for documentation and photographs. It was an endless circle of request, response, re-assignment.

Finally, on December 28, 2022, adjuster Jennifer Kromm requested a site inspection of the property. The site inspection took place on January 20, 2023. Allstate also requested Plaintiffs submit a proof of loss. Plaintiffs provided a proof of loss to Allstate on March 22, 2023 at 5:55 pm. Allstate and Kromm denied Plaintiffs' claim on March 23, 2023, at 1:20 pm. Clearly Allstate has engaged in an outcome-oriented investigation of the Plaintiffs' claim with the intention of denying the claim.

Allstate has wholly failed to adequately investigate and pay for repairs to Plaintiffs' property under the Policy.

Plaintiffs have sought property damage benefits under the Allstate Policy, which Allstate has refused to pay. Rather than properly pay the insurance benefits Plaintiffs are entitled to receive

under the Policy, without reasonable basis, Allstate has attempted to circumnavigate its obligation to timely investigate, adjust, and pay insurance benefits due under the Policy. As a result of this failure to pay policy benefits, Plaintiffs have incurred significant financial loss.

As detailed in the above paragraphs, Allstate and its agents and adjusters did not properly pay Plaintiffs' claim and did not provide full coverage for the damages sustained by the Plaintiffs. Additionally, Allstate continues to delay the payment of the damages to Plaintiffs' Property. As such, Plaintiffs have not been paid for its damages to its property.

Defendant Allstate and its agents and adjusters failed to perform their contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, they refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Allstate is in breach of the insurance contract between Allstate and Plaintiffs.

Defendant Allstate and its agents and adjusters misrepresented to Plaintiffs that the damage to Plaintiffs' Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Allstate and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

Defendant Allstate and its agents and adjusters failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant Allstate and its agents and adjusters' committed conduct which constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

Defendant Allstate and its agents and adjusters failed to explain to Plaintiffs the reasons for their denial of Plaintiff's claim. Specifically, Defendant Allstate and its agents and adjusters

failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant Allstate and its agents and adjusters did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant Allstate and its agents and adjusters' committed conduct which is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

Defendant Allstate and its agents and adjusters failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant Allstate. Such conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(4).

Defendant Allstate and its agents and adjusters refused to fully compensate Plaintiffs under the terms of the Policy, even though Defendant Allstate failed to conduct a reasonable investigation. Specifically, Defendant Allstate and its agents and adjusters performed an outcome-orientated investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on its property. The conduct of Defendant Allstate and its agents and adjusters constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

Defendant Allstate and its agents and adjusters failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Allstate and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code,

Prompt Payment of Claims. Tex. Ins. Code §542.055.

Defendant Allstate and its agents and adjusters failed to accept or deny Plaintiffs' full and entire claim within statutorily mandated time of receiving all necessary information. Allstate and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

Defendant Allstate and its agents and adjusters failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date. Allstate and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

From and after the time Plaintiffs' claim was presented to Defendant Allstate and its agents and adjusters, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate and its agents and adjusters have refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Allstate and its agents and adjusters' conduct constitutes a breach of the common law of good faith and fair dealing.

Defendant Allstate and its agents and adjusters knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

As a result of Defendant Allstate and its agents and adjusters' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

As a result of the foregoing conduct, Plaintiffs would respectfully show as follows:

## V. CAUSES OF ACTION

Defendant Allstate and its agents and adjusters are liable to Plaintiffs for fraud, intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional beach of good faith and fair dealing.

### A. FRAUD

Defendant Allstate and its agents and adjusters are liable to Plaintiffs for common law fraud.

Each end every one of the representations as described above concerned material facts for the reason Plaintiffs would not have acted and in which Defendant Allstate and its agents and adjusters knew were false or made recklessly without any knowledge of their truth as a positive assertion.

The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements there causing Plaintiffs to suffer injury and constituting common law fraud.

### B. BREACH OF CONTRACT

Defendant Allstate has committed acts which constitute a breach of the insurance contract made between Allstate and Plaintiffs.

The failure and refusal of Defendant, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Allstate's insurance contract with Plaintiffs. Defendant has failed to comply with its contractual obligations to Plaintiffs and is in breach of contract.

Pleading further, Defendant Allstate induced Plaintiffs to enter into a contract with the intent of denying benefits in the event a claim was made.

### C. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

Defendant Allstate and its agents and adjusters' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices, Texas Insurance Code §541.060(A). All violations under this article are made actionable by Tex. Ins. Code §541.151.

Defendant Allstate and its agents and adjusters' unfair settlement practice as described above, misrepresented to Plaintiffs material facts relating to the coverage at issue which constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(1).

Defendant Allstate and its agents and adjusters' unfair settlement practice, as described above, failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Allstate's liability under the Policy was reasonably clear which constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(2)(A).

Defendant Allstate and its agents and adjusters' unfair settlement practice, as described above, failed to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(3).

Defendant Allstate and its agents and adjusters' unfair settlement practice, as described above, failed within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs which constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(4).

Defendant Allstate and its agents and adjusters' unfair settlement practice, as described

above, refused to pay Plaintiffs' claim without conducting a reasonable investigation which constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(7).

### D. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

Defendant Allstate and its agents and adjusters' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

Defendant Allstate and its agents and adjusters failed to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the Texas Insurance Code §542.055.

Defendant Allstate and its agents and adjusters failed to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints. Such failure constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

Defendant Allstate and its agents and adjusters delayed the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for as described above. Such delay constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

Defendant violated these and other provisions of the Texas Insurance Code by commission of the acts complained of herein. Defendant has a pattern and practice of violating the Texas Insurance Code through the commission of the conduct described herein. Defendant has made institutional decisions to promote profits rather than paying legitimate claims like Plaintiff's

claims.

### E. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

The actions of Defendant Allstate and its agents and adjusters constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

Defendant Allstate and its agents and adjusters failed to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time Defendant Allstate and its agents and adjusters knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. Such conduct constitutes a breach of the duty of good faith and fair dealing.

Defendant failed to afford equal consideration to the rights of Plaintiff as compared to itself.

Defendant acted unreasonably in the processing, investigation and denial of Plaintiffs' claim. Defendant's conduct was knowing and intentional.

There was no reasonable basis for denial of Plaintiffs' claim, delay in payment to Plaintiffs and failure to investigate. Defendant has actual knowledge of the unreasonable nature of their conduct and have forced Plaintiffs to pursue litigation to recover the benefits to which it is due.

### F. VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES/CONSUMER PROTECTION ACT

Based on the facts previously set forth, Defendant has committed violations of the Texas Deceptive Trade Practices/Consumer Protection Act, ("DTPA"). The DTPA, Sections 17.46, *et seq*. of the Texas Business and Commerce Code, provides additional protection to consumers who are victim of deceptive, improper, and/or illegal practices, including the award of treble damages for knowing violation and attorneys' fees. Defendant's conduct in engaging in such acts or practices results in actual and consequential damages to Plaintiffs and supports an award for treble damages.

Plaintiffs would respectfully show it is entitled to actual damages resulting from these violations of the law. These damages include the sums the Defendant has wrongfully refused to pay and any consequential damages to Plaintiff's economic welfare in the future, including any exacerbation of economic condition occasioned by the delay in payment of these claims. Plaintiffs are also entitled to recovery of treble damages for "knowing" violations.

In addition, Plaintiffs are entitled to recovery of attorneys' fees necessary to afford its rights, along with the costs and expenses set forth by law. Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000.

### G. KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and Texas Deceptive Trade Practices Act and were a producing cause of Plaintiffs' damages described herein.

Plaintiffs have complied with all conditions precedent in making its claims against Defendant. Plaintiffs have complied with all conditions precedent to bring this litigation.

To the extent any individual or entity took part in the investigation, processing, adjusting, delaying and denial of Plaintiff's claims, each did so while within the scope of their agency and employment of Defendant.

### H. PATTERN AND PRACTICE OF COMMON LAW AND STATUTORY VIOLATIONS

Plaintiffs would show that Defendant engaged in a pattern and practice of conducting outcome-oriented investigations, hiring biased "inspectors," and routinely failing to pay the full value of the claim. Defendant undertakes these actions in an attempt to withhold monies they know or should know is reasonably payable and due under the terms of the Policy.

## VI.  DAMAGES

Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

As previously mentioned, the damages caused by the 2021 Winter Storm rendered Plaintiffs' Property significantly damaged. These damages have not been properly addressed or repaired in the months since the storm causing further damages to Client's Property and causing undue hardship and burden to the Plaintiffs. These damages are a direct result of Defendant Allstate and its agents and adjusters' mishandling of Plaintiffs' claim in violation of the law set forth above.

For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of its claim together with attorney's fees. Plaintiffs seek actual damages in the amount of $ 304,959.58.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs and attorneys' fees. For knowing conduct of the acts complained of, Plaintiffs request for three times its actual damages. Tex. Ins. Code §541.152. Plaintiffs seek monetary relief over $250,000.00 but under $1,000,000.00.

For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of its claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorneys' fees. Tex. Ins. Code §542.060. Plaintiffs seek monetary relief over $250,000.00 but under $1,000,000.00.

For beach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurance breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer

owed, mental anguish, exemplary damages and damages for emotional distress. Plaintiffs seek monetary relief over $250,000.00 but under $1,000,000.00.

Additionally, for breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Allstate's conduct in hindering the reconstruction of Client's Property. Plaintiffs seek monetary relief over $250,000.00 but under $1,000,000.00.

For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorneys' fees, interest and court costs. Plaintiffs seek monetary relief over $250,000.00 but under $1,000,000.00.

For breach of the Texas Deceptive Trade Practices Act. Plaintiff is entitled to recover from Defendants actual damages, statutory damages, exemplary damages along with attorneys' fees. Plaintiffs seek monetary relief over $250,000.00 but under $1,000,000.00.

## VII.   ATTORNEYS' FEES

For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.   TEX.R.CIV.P. 28

Pursuant to Rule 28 of the Texas Rules of Civil Procedure, any partnership, unincorporate association, private corporation, or individual doing business under an assumed name may be sued in its assumed or common name for the purpose of enforcing for or against it a substantive right.

To the extent Plaintiffs have sued an entity in its business, trade, or assumed name, Plaintiffs intend to pursue and recover on its substantive rights against the correct legal entity.

## IX.  JURY DEMAND

Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Collin County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## X.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray Defendant be cited to answer and appear and after final trial, Plaintiffs have judgment against the Defendant in an amount in excess of the minimal jurisdiction limits of the Court to reimburse it the cost of repairs of Plaintiffs' Property, diminution in value of Plaintiffs' Property, lost profits, loss of use, mental anguish, and other consequential damages, punitive or exemplary damages, plus pre-judgment and post-judgment interest at the legal rate until paid, attorneys' fees and costs, costs of Court, and for all other relief, at law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**AYERS & AYERS**

By:  /s/ *Jonathan P. Ayers*
JONATHAN P. AYERS
State Bar No. 01465900
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
jayers@ayersfirm.com
(817) 267-9009
(817) 318-0663 (FAX)

**ATTORNEYS FOR PLAINTIFFS**